# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM DOE,<br><br>      *Plaintiff,*<br><br>      v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOHN WETZEL, Secretary of the Pennsylvania Department of Corrections; DR. PAUL NOEL, Chief of Clinical Services; DR. PALUKI REDDY, Chief Psychiatrist; DR. LAWRENCE ALPERT, former Medical Director SCI Cambridge Springs; DR. ALEXANDER, former Medical Director SCI Cambridge Springs; DR. KROSS, former Medical Director SCI Cambridge Springs; DR. OBENG, Medical Director SCI Cambridge Springs; LONNIE OLIVER, Superintendent SCI Cambridge Springs; DEBRA RICH, former Deputy Superintendent SCI Cambridge Springs; MS. WAGNER, former Deputy Superintendent SCI Cambridge Springs; MS. BLAKELY, unit psych counselor; and SHANNON ANDERSON, Corrections Healthcare Administrator,<br><br>      *Defendants.* | DOCKET NO: 1:20-CV-00023-RAL |

## REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS ALEXANDER AND KROSS'S MOTION TO DISMISS

      AND NOW come two of the Defendants, Dr. Alexander and Dr. Kross, by

1

and through counsel, Aaron S. Jayman, Esquire, Matthew A. Deluzio, Esq., and Gordon & Rees, LLP, and hereby submit the following Reply to Plaintiff's Brief in Opposition to Defendants Alexander and Kross's Motion to Dismiss.

## I.   ARGUMENT

The Motion to Dismiss filed by Dr. Alexander and Kross should be granted. Plaintiff has not exhausted administrative remedies with regard to any claims asserted against Dr. Kross. Moreover, Plaintiff's Amended Complaint fails to state claims for deliberate indifference as to Dr. Alexander and Dr. Kross.

It is well established within the Third Circuit that a party may raise a failure to exhaust administrative remedies at an early dispositive stage, whether by a motion to dismiss or conversion of the same into a motion for summary judgment. *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002); *O'Hara v. Mosher*, 2017 U.S. Dist. LEXIS 189245, *7 n.1 (M.D.Pa. Nov. 13, 2017); *accord, Weicksel v. Griffiths*, 2017 U.S. Dist. LEXIS 142826, *1 (W.D.Pa. Sep. 5, 2017, Gibson, J.) (converting a Motion to Dismiss into one for summary judgment as to the issue of exhaustion). In *Spruill*, the Third Circuit reviewed the dismissal of a complaint on a failure to exhaust basis, holding that it was proper to consider indisputably authentic documents related to the plaintiff's grievances without converting the motion to dismiss into one for summary

judgment.[1]  *Spruill*, 372 F.3d at 223.  The Court explained that although it has held that failure to exhaust is an affirmative defense that may be raised under Rule 12(c), there is no material difference in the applicable legal standards between Rule 12(c) and Rule 12(b)(6).  *Id.*, at 223 n.2.  Accordingly, it is proper for this Court to consider a failure to exhaust, whether in a motion to dismiss or conversion of the same into a motion for summary judgment.  *Id*.

Plaintiff has not "substantially" complied with DOC prison grievance procedure, despite Plaintiff's contentions to the contrary.  Plaintiff did not identify Dr. Kross in any grievance that Plaintiff filed relating to treatment for gender dysphoria and Plaintiff does not dispute this point.  Rather, Plaintiff argues that the identification of the "medical department" or "Medical Director" was sufficient to identify Dr. Kross without naming him.  A careful review of Plaintiff's grievance records reveals that this is not the case.

The very grievances that Plaintiff cites in the Brief to support of their argument refer to several physicians other than Dr. Kross.  Plaintiff claims that the identification of the entire "medical department" and "whatever physician [is] attending at Cambridge Springs" in Grievance No. 706257 sufficiently refers to Dr. Kross.  However, it is clear from the identification of specific physicians in both the

---

[1] Plaintiff does not dispute the authenticity of the grievance records submitted by Defendants in their Brief in Support. Plaintiff even relies upon the grievance records throughout the Brief in Opposition, indicating that Plaintiff accepts their authenticity.

initial grievance and its responses that Plaintiff was not referring to Dr. Kross. *See* ECF No. 41-1, pp. 64-68. Plaintiff identified these individuals by name, including Dr. Alexander, Dr. Alley, and Dr. Alpert, but did not identify Dr. Kross in any manner. Similarly, in Grievance No. 689582, Plaintiff identified several individuals by name, including a physician, yet did not identify Dr. Kross. *See* ECF No. 41-1, p. 54. The mere identification of the "on-site Medical Director" in Initial Review Response did not excuse Plaintiff's failure to identify Dr. Kross where the Response did not actually name Dr. Kross or acknowledge that he was fairly within the compass of the grievance. *See Spruill*, 372 F.3d at 234. In *Spruill*, a grievance officer's response excused the plaintiff's failure to name a party by **actually naming the party** in the response. *Id.* (emphasis added). Merely referring to the "Medical Director" in a response cannot be equated to naming Dr. Kross when Plaintiff identified other individuals by name and it is apparent that neither Plaintiff nor the grievance officer were specifically identifying Dr. Kross as being within the compass of the grievance.[2]

Plaintiff did not lack knowledge of their physicians' identities, or otherwise explain how identification was not practicable, such that the failure to identify Dr. Kross may be excused. *See, e.g.*, *Victor v. SCI Smithfield*, 2011 U.S. Dist. LEXIS

---

[2] In fact, Dr. Kross was not the Medical Director at SCI-Cambridge Springs during the period relevant to Grievance No. 689582. This grievance was filed on August 11, 2017 and Dr. Kross did not begin serving as Medical Director until December of 2017. Thus, neither Plaintiff nor the grievance officer could have been referring to Dr. Kross by referencing the "Medical Director."

4

90010, *19 (M.D.Pa. Aug. 12, 2011) (holding that plaintiff sufficiently explained that it was not practicable to name defendants in a grievance where plaintiff did not learn their identities until a final appeal of the grievance was pending); *Chmiel v. Pa. Dep't of Corr.*, 2020 U.S. Dist. LEXIS 49989, *15 (W.D.Pa. Mar. 23, 2020) (denying motion to dismiss based upon an insufficient record regarding both prison officials' and plaintiff's knowledge of the identity of physicians).³ Plaintiff clearly knew the physicians providing care and properly identified them in the grievances such that Plaintiff's failure to identify Dr. Kross cannot be excused.

With regard to Plaintiff's Eighth Amendment claim, Plaintiff attempts to characterize the substantial hormone therapy treatment provided by Dr. Alexander and Dr. Kross as deliberately indifferent because Plaintiff disagreed with the timing or levels of blood draws and testosterone dosage. This is merely an attempt to second-guess the propriety of a particular course of treatment chosen within the professional judgment of Dr. Alexander and Dr. Kross. *Inmates of Allegheny County Jail v. Pierce*, 612 F. 2d 754, 762 (3d Cir. 1979); *Brown v.Borough of Chambersburg*, 903 F.2d 274, 278 (3d. Cir. 1990) ('[A]'s long as a physician

---

³ Plaintiff mischaracterizes the holding of *Chmiel* in the Brief in Opposition. The motion to dismiss was not denied based solely upon the plaintiff's identification of the Medical Department. Rather, the Court explained that the record was insufficient to determine whether the prison was on notice of the physicians' identities, whether prison officials acknowledged such physicians, and whether plaintiff had knowledge of the identity of the physicians who provided care to him. In the present case, it is apparent from the grievance records both that Plaintiff knew their physicians and that grievance officers were not referring to Dr. Kross in the responses to Plaintiff's grievances.

exercises professional judgment his behavior will not violate a prisoner's constitutional rights.'). Decisions regarding the timing and dosage of medication are squarely within the professional judgment of a physician. Plaintiff may not substitute their own judgment for diagnosis and treatment decisions made by prison medical staff members. *Inmates of Allegheny County Jail*, 612 F. 2d at 762.

Plaintiff readily admits that neither Dr. Alexander nor Dr. Kross were ultimately responsible for determining whether an inmate received access to a gender specialist or gender confirmation surgery. Yet Plaintiff obfuscates this contradiction in the Amended Complaint by now arguing that Defendants have denied such treatment based solely on administrative policy. Plaintiff did not make this claim in the Amended Complaint.[4] Rather, the Amended Complaint alleged that Dr. Alexander and Dr. Kross were responsible for denying access to a gender specialist or gender confirmation surgery while also alleging that they had no say in the decisions to provide such treatment. This contradiction is fatal to Plaintiff's claim that Dr. Alexander and Dr. Kross were responsible for the denial of this treatment.

Lastly, Plaintiff attempts to distinguish the persuasive precedent established by the *Kosilek* and *Gibson* decisions by arguing that these decisions, issued in 2014

---

[4] The Third Circuit has held that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054, (1984)).

and 2019, respectively, have somehow become obsolete in fewer than five years. Plaintiff ignores the persuasive reasoning in these decisions that the failure to provide gender confirmation surgery to an inmate is not a viable claim under the Eighth Amendment. Plaintiff provides no basis for the claim that there is medical consensus on the issue. In fact, Plaintiff misrepresents *Gibson* as being decided solely on the expert testimony of *Kosilek*; the Fifth Circuit explicitly noted that *Kosilek* is not alone in questioning the efficacy of surgical treatment of gender dysphoria. *Gibson v. Collier*, 920 F.3d 212, 223 n. 7 (5th Cir. 2019) (explaining that a 2016 CMS memo surveying the available medical literature "found that there was insufficient expert medical evidence to support sex reassignment surgery with respect to Medicare and Medicaid patients."). The Fifth Circuit also noted that other circuits have rejected Eighth Amendment claims for *hormone therapy*, let alone gender confirmation surgery. *Gibson*, 920 F.3d at 223 n. 8. (emphasis original). This Court should follow the persuasive precedent established by the First and Fifth Circuits and dismiss Plaintiff's Eighth Amendment claim.

## II. CONCLUSION

Wherefore, for the reasons set forth herein, Defendants Alexander and Kross respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

                              Respectfully submitted,

                              **GORDON REES LLP**

Date: July 28, 2020                             _____
                              Aaron S. Jayman, Esquire
                              PA ID # 85651
                              111 N. Front Street
                              Harrisburg, PA 17101
                              (717) 775-3307
                              Email: ajayman@grsm.com

                              Matthew A. Deluzio, Esquire
                              PA ID # 324634
                              E-mail: mdeluzio@grsm.com
                              707 Grant Street, Suite 3800
                              Pittsburgh, PA 15219
                              (412) 577-7400

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record this 28th day of July, 2020, via the Electronic Filing System and by first class mail, to the following:

Alexandra T. Morgan-Kurtz, Esquire
Pennsylvania Institutional Law Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA  15222

Su Ming Yeh, Esquire
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA  19106

Kelly J. Hoke, Esquire
Pennsylvania Department of Corrections
Office of General Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050

Yana L. Warshafsky, Esquire
Pennsylvania Department of Corrections
Office of General Counsel
750 Holiday Drive, Suite 560
Pittsburgh, PA  15220

Samuel H. Foreman, Esquire
Meghan K. Adkins, Esquire
Weber Gallagher
Four PPG Place, 5th Floor
Pittsburgh, PA  15222

Aaron S. Jayman, Esquire