IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM DOE,                          )<br>      Plaintiff          )<br>                                   )<br>                                   )<br>      v.                 )<br>                                   )<br>PENNSYLVANIA DEPARTMENT OF         )<br>CORRECTIONS, et al.,               )<br>      Defendants.        ) | C.A. No. 20-23 Erie<br><br>**District Judge Susan Paradise Baxter**<br>**Magistrate Judge Richard A. Lanzillo** |

### **MEMORANDUM ORDER**

**I.    BACKGROUND**

Plaintiff Sam Doe, a gender-nonbinary inmate at the State Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs"), initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on June 20, 2020 [ECF No. 33], which is the operative pleading in this case. Named as Defendants are the Pennsylvania Department of Corrections ("DOC") and twelve current or former DOC employees: John Wetzel, Secretary of the DOC ("Wetzel"); Dr. Paul Noel, the DOC's Chief of Clinical Services ("Noel"); Dr. Paluki Reddy, the DOC's Chief Psychiatrist ("Reddy"); Dr. Obeng, the current medical director at SCI-Cambridge Springs ("Obeng"); Lonnie Oliver, Superintendent at SCI-Cambridge Springs ("Oliver"); Wagner, former Deputy Superintendent at SCI-Cambridge Springs ("Wagner"); Dr. Lawrence Alpert, a former medical director at SCI-Cambridge Springs ("Alpert"); Dr. Alexander, a former medical director at SCI-Cambridge Springs ("Alexander"); Dr. Kross, a former medical director at SCI-Cambridge Springs ("Kross"); Debra Rich, the former Deputy Superintendent for Facility Management at


SCI-Cambridge Springs ("Rich"); Blakely, a "unit psych counselor" at SCI-Cambridge Springs ("Blakely"); and Shannon Anderson, the Corrections Healthcare Administrator at SCI-Cambridge Springs ("Anderson").

Plaintiff asserts claims under the Americans with Disabilities Act and the federal Rehabilitations Act ("Rehab Act") against the DOC; an Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants Wetzel, Noel, Reddy, Alpert, Alexander, Kross, and Obeng; a state law tort claim of intentional infliction of emotional distress ("IIED claim") against Defendants Rich, Wagner, Oliver, Blakely, and Anderson; and a Fourteenth Amendment Due Process claim against Defendants Blakely and Anderson.

This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates, and was subsequently reassigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

On June 25, 2020, a partial motion to dismiss for failure to state a claim was filed on behalf of Defendants Anderson, Blakely, Nel, Oliver, DOC, Reddy, Rich, Wagner, and Wetzel (collectively "DOC" Defendants"), challenging the legal sufficiency of Plaintiffs' ADA, Rehab Act, and IIED claims, and seeking dismissal of Plaintiff's Fourteenth Amendment claim against Defendant Blakely based on her lack of personal involvement [ECF No. 37].[1] Defendants Alexander and Kross filed their own motion to dismiss and/or motion for summary judgment on July 2, 2020, arguing that Plaintiff failed to exhaust administrative remedies as to all claims

---

[1] The remaining DOC Defendants, Alpert and Obeng, filed an answer to the amended complaint. [ECF No. 43].

against Defendant Kross, and challenging the legal sufficiency of Plaintiff's Eighth Amendment claim. [ECF No. 40]. Both motions were fully briefed by the parties.

On February 19, 2021, Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that (1) the DOC Defendants' partial motion to dismiss be denied as to Plaintiff's ADA and Rehab Act claims against the DOC; granted as to Plaintiff's IIED claim against the DOC Defendants; and granted as to Plaintiff's Fourteenth Amendment claim against Defendant Blakely; and (2) the motion to dismiss and/or motion for summary judgment filed by Defendants Alexander and Kross be denied. [ECF No. 48].

The DOC Defendants have not filed any objections to the R&R; however, timely objections have been filed by Defendants Alexander and Kross as to Judge Lanzillo's recommendation to deny their motion. [ECF No. 49]. Plaintiff has since filed a brief in opposition to the objections raised by Defendants Alexander and Kross. [ECF No. 50].

**II.    DISCUSSION**

**A.    Exhaustion of Administrative Remedies as to Defendant Kross**

In their motion to dismiss, Defendants Alexander and Kross argue that Plaintiff failed to exhaust administrative remedies as to all claims against Defendant Kross because Plaintiff "did not file any grievances identifying Dr. Kross as treating, or failing to treat, Plaintiff's gender dysphoria." (ECF No. 41, at pp. 9-10). Judge Lanzillo rejects this argument in his R&R, finding that Plaintiff sufficiently identified Defendant Kross "by providing a description of his position and naming the SCI-Cambridge Springs 'medical department' and staff in the grievances." (R&R at p. 42). In particular, Judge Lanzillo notes that "Grievance No. 706257 identified the entire 'medical department' and 'whatever physician [is] attending at Cambridge Springs' as responsible for [Plaintiff's] inadequate medical treatment for the past year" and, thus, "the Court

cannot say as a matter of law that these references did not alert prison officials to a problem regarding care provided by [Defendant] Kross." (Id. at p.44). In addition Judge Lanzillo states that "the responses of prison officials acknowledge that [Defendant] Kross was directly involved in the care that [Plaintiff] was challenging in their grievances," noting that the grievance officers' responses to Grievance Nos. 689582 and 706257 indicated that the "Medical Director" was involved in Plaintiff's health care decisions. (Id.). These findings are expressly based on the premise that Defendant Kross "was SCI-Cambridge Springs' Medical Director when [Plaintiff] filed these grievances." (Id.).

However, Defendant Kross has objected to Judge Lanzillo's findings in this regard based primarily on his assertion that he did not provide medical services at SCI-Cambridge Springs at the time Plaintiff filed either of the grievances cited in the R&R. In support of this assertion, Defendant Kross attached his own affidavit in support of his objections to the R&R declaring that he did not become Medical Director at SCI-Cambridge Springs until December 18, 2017 and had not provided any medical services at the institution prior to this time. (ECF No. 49-1). Since the grievances at issue, Grievance Nos. 689582 and 706257, were dated August 1, 2017, and November 13, 2017, respectively, Defendant Kross's affidavit conclusively establishes that he could not have been "fairly within the compass" of Plaintiff's grievance, as Judge Lanzillo presumed. (Id.).

To be fair, Judge Lanzillo's recommendation was rightly based on the record as it existed before him. Prior to the filing of his objections, Defendant Kross had not disclosed on the record that he was not part of the medical staff at SCI-Cambridge Springs until December 18, 2017. The disclosure of new information after the fact is generally disfavored by the Court; however, under the circumstances, the Court understands that Defendant Kross may not have anticipated the

importance of disclosing the date of his employment as Medical Director in connection with his exhaustion argument. While the Court would ordinarily be inclined to refer this matter back to Judge Lanzillo for reconsideration of Defendant Kross's exhaustion argument in light of the new information provided in Defendant Kross's affidavit, such a procedural exercise seems unnecessary here. Suffice it to say that had Defendant Kross's affidavit been available to Judge Lanzillo at the time he issued his R&R, it is likely his conclusion would have been different and Defendant Kross's exhaustion argument would have been upheld. In light of this, the Court is inclined to simply decline Judge Lanzillo's recommendation to deny Defendant Kross's exhaustion argument and to grant summary judgment in favor of Defendant Kross and against Plaintiff on all claims based on Plaintiff's failure to exhaust administrative remedies[2]

### B.   Legal Sufficiency of Eighth Amendment Claim

Defendant Alexander also objects to Judge Lanzillo's finding that Plaintiff has sufficiently stated a cognizable Eighth Amendment claim of deliberate indifference against him.[3] In particular, Defendant argues that Plaintiff merely disagrees with the timing and dosage of hormone therapy, which fails to state a claim of deliberate indifference. In addition, Defendant

---

[2] The Court acknowledges Plaintiff's notice in their opposition brief that, after Defendant Kross became Medical Director at SCI-Cambridge Springs, Plaintiff filed another grievance (Grievance No. 718127) that "complains of the pattern of inadequate medical care for transgender individuals by the 'medical department." (ECF No. 50, at p. 10). Based on this grievance, Plaintiff argues that staff officials were put on notice that Defendant Kross, as a member of the medical department, was implicated in Plaintiff's alleged constitutional deprivation. Upon review of this grievance, however, it is clear that Defendant Alexander was the specific target of Plaintiff's complaint and the language cited by Plaintiff in their brief was only a passing reference bearing little, if any, relation to the subject matter of the grievance itself. Thus, Plaintiff's attempt to use this grievance to overcome Defendant Kross's exhaustion argument is unavailing.

[3] This objection was also raised by Defendant Kross; however, since the Court has already concluded that Plaintiff has failed to exhausted administrative remedies as to all claims against Defendant Kross, the objection will be reviewed as to Defendant Alexander only.

notes that "the Amended Complaint readily admits that … Dr. Alexander … [was not] responsible for deciding whether an inmate received access to a gender specialist or gender affirming surgery" and, thus, Defendant Alexander cannot be found deliberately indifferent "for decisions not to provide treatments or referrals that [he was] not actually authorized to provide." (ECF No. 49, at p. 11). However, Judge Lanzillo found that Plaintiff's allegations are much broader than this, noting that "[Plaintiff's] claim is premised on allegations that the Defendants engaged in a long-standing refusal to provide a multitude of treatments and therapies that [Plaintiff] contends were mandated by accepted standards of care and necessary to prevent serious psychological and physical injuries." (ECF No. 48, at p. 51). Thus, Judge Lanzillo concluded that the determination of "whether any action or decision regarding [Plaintiff's] care evinces or was the product of deliberate indifference must await a more developed record." (Id.). This Court finds no basis to overturn this reasoning.

After *de novo* review of the complaint, Defendants' motions to dismiss, and Plaintiff's oppositions thereto, together with the report and recommendation filed in this case and objections thereto, the following order is entered:

AND NOW, this 23rd day of March, 2021;

IT IS HEREBY ORDERED that:

(1) The DOC Defendants' motion to dismiss [ECF No. 37] is GRANTED in part and DENIED in part, as follows:

   a. The motion is GRANTED as to Plaintiff's state law claim of intentional infliction of emotional distress against all Defendants, and as to Plaintiff's Fourteenth Amendment due process claim against Defendant Blakely, and such claims are DISMISSED with prejudice;

   b. The motion is DENIED as to Plaintiff's ADA and Rehab Act claims against the DOC; and

(2) The motion to dismiss and/or motion for summary judgment filed by Defendants Alexander and Kross [ECF No. 40] is GRANTED in part and DENIED in part, as follows:

  a. The motion is GRANTED as to Plaintiff's claims against Defendant Kross, and all such claims are DISMISSED, with prejudice, for Plaintiff's failure to exhaust administrative remedies; and

  b. The motion is DENIED as to Plaintiff's Eighth Amendment claim against Defendant Alexander.

Based on the foregoing, the Clerk is directed to terminate the following Defendants from this case: Rich, Wagner, Oliver, Blakely, and Kross. The report and recommendation of Magistrate Judge Lanzillo, issued February 19, 2021 [ECF No. 48], is adopted as the opinion of the Court, except as otherwise modified herein.

SUSAN PARADISE BAXTER
United States District Judge

cc:   The Honorable Richard A. Lanzillo
      United States Magistrate Judge