IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| SAM DOE, | ) |
| | ) |
| Plaintiff | ) 1:20-cv-00023-SPB-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, JOHN WETZEL, DR. | ) |
| PAUL NOEL, DR. JOHN DOE, DR. | ) OPINION ON PLAINTIFF'S MOTION FOR |
| LAWRENCE ALPERT, DR. | ) PERMISSION TO PROCEED UNDER A |
| ALEXANDER, DR. KROSS, DR. OBENG, | ) PSEUDONYM |
| LONNIE OLIVER, DEBRA RICH, MS. | ) |
| WAGNER, MS. BLAKELY, SHANNON | ) |
| ANDERSON, and PALUKI REDDY, | ) ECF NO. 70 |
| | ) |
| Defendants | ) |

OPINION

Plaintiff, Sam Doe, has moved for permission to proceed under a pseudonym. ECF No. 70. The issue presented by this motion is "whether the plaintiff [has] presented a reasonable fear of severe harm meriting an exception to 'the public's common law right of access to judicial proceedings.'" *Doe v. College of New Jersey*, 997 F.3d 489, 495 (3d Cir. 2021) (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). The Court finds that Doe has met this burden and will grant their motion.[1]

---

[1] The Amended Complaint refers to Doe using the pronouns "they," "them," and "their." The Court will do the same. These pronouns are commonly used for gender-nonbinary people and have been recognized grammatically correct and appropriate by the Merriam-Webster dictionary and the American Psychological Association.

1

I.      BACKGROUND

Doe is a gender-nonbinary person in the custody of the Pennsylvania Department of Corrections (DOC) at its State Correctional Institution at Cambridge Springs (SCI-Cambridge Springs). Doe commenced this action under a pseudonym and now seeks the Court's authorization to continue to do so. The DOC Defendants and Defendant Alexander oppose the motion. ECF Nos. 72, 73. Defendants Alpert and Obeng take no position on the motion. ECF No. 77.

Doe was assigned female at birth but currently lives and presents in a gender-neutral fashion. ECF No. 33, ¶ 20. The Amended Complaint alleges that the Pennsylvania Department of Corrections has diagnosed Doe with gender dysphoria, a serious medical condition characterized by strong cross-gender identification and persistent discomfort about one's assigned sex. *Id.*, ¶ 23. Gender dysphoria is a diagnosable and treatable condition recognized by the American Psychiatric Association and included in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-V), as well as the World Health Organization's International Classification of Diseases-10. *Id.*, ¶ 24. Left untreated, gender dysphoria is often associated with dangerous conditions such as depression, substance abuse, self-mutilation, suicidal ideation, and ultimately suicide. *Id.*, ¶ 28. Doe alleges, however, that with appropriate treatment, individuals with gender dysphoria can be fully cured of all symptoms. *Id.*, ¶ 27. In this action, Doe asserts disability discrimination claims pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and claims pursuant to 42 U.S.C. § 1983 based on alleged violations of their rights under the Eighth Amendment to the U.S. Constitution.

II.     DISCUSSION

The Court begins its analysis with the general rule that "judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). *See also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Plaintiff's motion argues that an exception to this general rule applies in this case because "Mx. Doe fears that disclosure of their identity in connection with this lawsuit will not only forcibly 'out' them as transgender but lead to further harassment as well as increase their risk of physical and sexual violence." ECF No. 70, ¶ 6. Plaintiff seeks an order providing:

1. That the following be held confidential by the parties and their agents: Plaintiff's name, DOC inmate number, SSN, date of birth, and other identifying information such as educational/employment history;

2. Confidentiality on the docket and in pleadings, litigation documents;

3. That all counsel, witnesses, and court personnel refer to Plaintiff as Sam Doe at trial; and

4. Any documents with Plaintiff's name or identifying information be filed under seal.  ECF No. 70-1.

To obtain relief such as Doe seeks here, it is not enough that they "may suffer embarrassment or economic harm…."; instead, Doe "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Id.* (quoting *Doe v Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).  The Court of Appeals for the Third Circuit has endorsed a non-exhaustive list of factors to guide district courts in deciding whether a litigant's reasonable fear of severe harm outweighs

the public's interest in open judicial proceedings. The factors associated with allowing anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)).

The factors advising against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

The Court first considers the extent to which Doe's identity has been kept confidential. This factor does not support anonymity where the litigant's identity has never been confidential. *See Megless*, 654 F.3d at 407, 410 (flyer shared before litigation by defendant identified plaintiff by name and other characteristics). By contrast, this factor favors anonymity where the plaintiff "has kept his transgender status a closely guarded secret, disclosing it only as necessary to

4

comply with legal requirements." *Doe v. Pa. Dep't of Corr.*, 2019 WL 5683437, at *3 (M.D. Pa. Nov. 1, 2019).

Doe has kept their identity and this litigation private in some respects. They have remained anonymous during this litigation and requested confidentiality from the Defendants. As explained in their brief, "[t]hey do not discuss this case with others, including their family." ECF No. 71, p. 5. By necessity, Doe's identity is known to the Defendants and other Department of Corrections personnel, *see* ECF No. 70, ¶ 8, but Doe asserts that they have "only revealed their gender identity to a limited number of people at SCI Cambridge Springs, including their medical providers." *Id.* Courts under similar circumstances have found that this factor favored proceeding pseudonymously. *See Doe v. Triangle Doughnuts*, LLC, 2020 WL 3425150, at *5 (E.D. Pa. June 23, 2020) (in an employment discrimination action, court wrote, "[t]hough she has openly and regularly expressed to Defendant her preference for female pronouns,…Plaintiff wants to live and present herself to the public as a female, so she does not publicly identify herself as transgender."); *Doe v. Univ. of Scranton*, 2020 WL 1244368, at *1-2 (M.D. Pa. Mar. 16, 2020) (gay plaintiff suing his university for discrimination and deliberate indifference to a hostile environment "ha[d] not revealed his sexual orientation to anyone other than his close friends, counsel, past partners, medical providers, counselors, the defendant, the Pennsylvania Human Relations Commission, the Scranton Human Relations Commission, and family members.").

Doe's Amended Complaint alleged that in early 2018, Defendant Anderson approached them at their cell door (a public area) and loudly discussed Doe's gender dysphoria and testosterone treatment. ECF No. 33, ¶¶ 114-15. Other inmates allegedly overheard Anderson's statements, and shortly afterwards, some mocked or harassed Doe. *Id.*, ¶¶ 117–19. This alleged

disclosure, however, was not initiated or condoned by Doe and, in the Court's view, it does not weigh against anonymity under the first factor. The district court's application of this first factor in *Doe v. Genesis HealthCare* supports this conclusion. 535 F. Supp. 3d 335 (E.D. Pa. Apr. 23, 2021). In *Genesis HealthCare*, a transgender plaintiff moved to proceed under a pseudonym in her employment discrimination lawsuit. The court concluded that the first factor weighed in her favor where she only revealed her identity to "counsel, close friends, family, treating physicians, employers to the extent necessary, and to administrative agencies regarding her driver's license and this lawsuit." *Id.*, at 341. The court determined that the plaintiff's identity was sufficiently confidential despite that the harassing employees apparently knew she was transgender.

The DOC Defendants contend that Doe is "equivocating" by seeking to proceed pseudonymously and refraining from discussing their identity at their female prison while at the same time "taking testosterone 'which masculinizes their appearance' and has caused increased facial and body hair." ECF No. 72, p. 5 (DOC Defendants' Brief, quoting the Amended Complaint at ECF No. 33). The DOC Defendants also argue that the aim of the lawsuit undermines Doe's need to proceed pseudonymously because the lawsuit seeks access to services and medical procedures (including gender affirming "top surgery") "that will enable them to appear even more masculine." *Id.*, p. 5. But Doe's request to obtain treatment that will make them appear more masculine will not necessarily imply to others their private identity as transgender and gender nonbinary. *See* ECF No 78, p. 3. Likewise, such a request is not inherently inconsistent with a genuine and reasonable fear that disclosure of Doe's identity as transgender and gender nonbinary will result in severe harm.

Doe's efforts to keep their identity and this litigation confidential weigh in favor of anonymity despite the alleged previous disclosure by Anderson and the fact that information

6

concerning Doe's sexual identity and treatment may be known to some personnel and other inmates in the prison. *See Doe v. Cty. of Lehigh*, 2020 WL 7319544, at *5, *5 n.5 (E.D. Pa. Dec. 11, 2020). While Doe's treatment makes them appear more masculine, the parties' submissions do not indicate that Doe has acted affirmatively to disclose information concerning their sexual identity or treatment or this lawsuit.

The second factor the Court is to consider is "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases." *Megless*, 654 F.3d at 410. This factor asks, "what harm is the litigant seeking to avoid, and is the litigant's fear reasonable?" *Id.* Doe "fears that disclosure of their identity in connection with this lawsuit will not only forcibly 'out' them as transgender but lead to further harassment as well as increase their risk of physical and sexual violence." ECF No. 70, ¶ 6. Doe asserts that their fear of violence is "based on their own past experiences." ECF No. 71, p. 6. In addition to experiencing harassment following Anderson's alleged violation of their privacy in early 2018, Doe cites allegations of their Amended Complaint that multiple incarcerated women and prison staff have repeatedly sexually harassed them, threatened to physically harm them, and at least once threatened to kill them based on their gender identity and previous act of self-harm. *Id.*, ¶¶ 132–139, 142. Other courts have found that previous harassment and violence supported proceeding pseudonymously. *See Delaware Valley Aesthetics, PLLC v. Doe 1*, 2021 WL 2681286, at *4 (E.D. Pa. June 30, 2021) (transgender defendant feared violence because evidence offered for *in camera* review would show that, as a result of the lawsuit, her name "appeared on internet forums notorious for directing harassment and death threats toward transgender women"); *Doe v. Triangle Doughnuts, LLC*, 2020 WL 3425150, at *5 (E.D. Pa. June 23, 2020) (supported anonymity when plaintiff

7

experienced harassment at workplace and sought to avoid "potential harm" from revealing transgender identity).

The court in *Genesis HealthCare* held that the transgender plaintiff's allegations of past "discrimination and significant harassment in her workplace" showed that she held a reasonable fear of severe harm. 535 F. Supp. 3d at 339-40. The court determined that she had properly supported her motion by relying on her complaint's allegations of "a litany of comments and actions at work which she alleges were directed at her transgender status...." *Id.* at 340. *See also Doe v. Brennan*, 2020 WL 1983873, at *3 (E.D. Pa. Apr. 27, 2020) ("multiple incidents of prejudicial and abusive conduct… including…one incident of aggressive physical contact" from coworkers supported anonymity of gay, HIV-positive plaintiff in employment discrimination action).

The DOC Defendants argue that while Doe has cited incidents from 2018, they have failed to show "a reasonable fear of increased harm [that] currently exist[s]." ECF No. 72, p. 8 (citing *Cty. of Lehigh*, 2020 WL 7319544, at *4 ("Absent allegations as to how any sort of severe harm may manifest," this factor cannot support anonymity)). Doe's complaints of past harassment and threats are credible and, in and of themselves, raise a heighted risk of future harassment and threats should Doe lose their anonymity. ECF No. 70, ¶ 6. *See Univ. of Scranton*, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020) (anonymity supported when gay plaintiff feared additional harassment beyond the "physical assault and a threat [of[ murder" he had already experienced). And in a similar context, while "courts do not simply presume severe harm in all cases of sexual assault," this factor supports anonymity when a plaintiff has a reasonable fear of suffering another assault. *Cty. of Lehigh*, 2020 WL 7319544, at *4 (citing *Doe v. Trishul Consultancy*, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019)).

8

The Court also cannot ignore the unique nature of congregant prison life.  Life in even a low-security correctional institution presents heightened risks to inmates who are perceived to differ from the typical.   Doe points out that at least one study has found that transgender people in jail and prison are five times more likely than cisgender people to be sexually assaulted by facility staff and over nine times more likely to be sexually assaulted by other incarcerated people.  *See* ECF No. 71, p. 4 (citing NAT'L CENTER FOR TRANSGENDER EQUALITY, *2015 U.S. Transgender Survey, Executive Summary*, 13 (2016), https://www.ustranssurvey.org/reports#USTS (last accessed February 14, 2022)).  Doe also cites data showing that 39.9% of transgender prisoners in state and federal facilities suffered sexual victimization in 2011-2012.  *See* Allen J. Beck, U.S. DEPT. OF JUSTICE, BUREAU OF JUSTICE STATISTICS, *Sexual Victimization in Prisons and Jails Reported by Inmates, 2011-12* (2014) (reporting the sexual victimization statistics for transgender inmates), https://bjs.ojp.gov/content/pub/pdf/svpjri1112_st.pdf (last accessed February 14, 2022).  Court have found such statistical evidence supports leave to proceed under a pseudonym.  *See Genesis HealthCare*, 535 F. Supp. 3d at 340 (plaintiff cited "statistical evidence and media reports describing the danger faced by transgender individuals in the community."); *Doe v. The Gardens for Memory Care at Easton*, No. 5:18-cv-4027, Doc. No. 3, p. 2 (M.D. Pa. Sept. 21, 2018) (same).

Doe also raises the specter of present harm, noting that "one of the few staff members that is aware of Mx. Doe's recently approved surgery has already warned Mx. Doe that they need to keep the surgery quiet out of fear of retaliation and harassment against Mx. Doe should that information become known to staff and other incarcerated individuals."  ECF No. 78, p. 3, n.6.  And the DOC Defendants "concede that if Plaintiff was housed in a male facility, the

9

circumstances would arguably present a security concern, in support of the second factor in favor of anonymity and justify their request to keep their transgender status confidential." ECF No. 72, p. 6. The DOC Defendants have not explained why this security concern is materially different in a female correctional institution.

Doe also expresses a fear of an invasion of their privacy without anonymity. *See* ECF No. 70, ¶ 6. Embarrassment is an insufficient basis for anonymity. *See Megless*, 654 F.3d at 408 ("It is not enough that a plaintiff may suffer embarrassment or economic harm."). Indeed, a court concluded that the reasonable fear of harm factor was not supported when the plaintiff alleged only the "possible risk of humiliation or stigma." *Cty. of Lehigh*, 2020 WL 7319544, at *4 (cleaned up). *See also Doe v. Temple University*, 2014 WL 4375613, at *2 (E.D. Pa. 2014) (concern for reputation because of sexual assault conviction not an "exceptional circumstance" for anonymity since many similarly situated plaintiffs have openly litigated). Nevertheless, at least one court has concluded that denying anonymity to transgender plaintiffs would result in an invasion of privacy sufficient to support the second factor of the analysis. *See Pa. Dep't of Corr.*, 2019 WL 5683437, at *3 (transgender plaintiff faced "severe harm to his privacy" that supported anonymity).[2] This Court agrees that this concern similarly arises in this case. Doe's identity is not widely known and their right to privacy under the Fourteenth Amendment is one of the interests they seek to vindicate and protect in this action. Their fear of harassment and physical harm and violation of their privacy rights appear reasonable.

The next factor that the Court must consider is the "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity." *Megless*, 654 F.3d at 410. This factor

---

[2] *See also Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("[T]he excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate.").

supports anonymity if, "other[s] similarly situated [would] be deterred from litigating claims that the public would like to have litigated" if they could not proceed pseudonymously. *Megless*, 654 F.3d at 410. Doe argues that "there is a 'strong' public interest 'in protecting the privacy of plaintiffs in controversial cases so that these plaintiffs are not discouraged from asserting their claims." ECF No. 71, p. 6. They also argue that other LGBTQ individuals, particularly those in prisons and jails, may be deterred from suing if they cannot do so pseudonymously. *Id.*, p. 7.

Indeed, there is a "public interest in preserving the courage to sue." *Delaware Valley Aesthetics, PLLC v. Doe 1* 2021 WL 2681286, at *2 (E.D. Pa. June 30, 2021). Courts have previously determined that transgender plaintiffs would be deterred from suing if unable to do so anonymously because of deep and widespread social stigma against them. *See Triangle Doughnuts, LLC*, 2020 WL 3425150, at *6 (transgender plaintiffs would be deterred from suing former employers if unable to do so pseudonymously). *Cf. Univ. of Scranton*, 2020 WL 1244368, at *3 (generally, gay plaintiffs alleging sexual orientation discrimination would be unlikely to sue if not allowed to proceed pseudonymously).

Defendant Alexander emphasizes that "gender dysphoria litigants are not entitled as a matter of right to proceed under a pseudonym" and notes that "another gender dysphoria litigant represented by Plaintiff's current counsel in this case is not proceeding under a pseudonym." ECF No. 73, p. 2. (citing *Guthrie v. Wetzel*, no. 1:20-cv-2351 (M.D. Pa.)). ECF No. 73, p. 2. Doe responds that whether to proceed under a pseudonym is a highly personal decision and that another plaintiff's decision to litigate publicly is not relevant to the present motion. The Court is inclined to agree with Doe on this point and, in any event, the analysis of the issue turns in part on the circumstances of each plaintiff.

Doe also reasons that it would be counterintuitive to require them "to give up their privacy" to litigate a claim "for violation of their right to privacy," referring to their claim against Anderson under the Fourteenth Amendment. ECF No. 71, p. 6. It follows that individuals will be less likely to litigate invasion of privacy claims if doing so requires public exposure of the private subject matter they seek to protect through the lawsuit. ECF No. 78, p. 3 n.4. In sum, this factor favors anonymity because of the public's interest in the litigation of these kinds of cases under circumstances where allowing anonymity furthers this interest.

The Court next considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities." *Megless*, 654 F.3d at 410. Anonymity is favored when the case involves issues purely of law. *See R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 372 (S.D.N.Y. 2019). A highly fact-dependent case weighs against anonymity. *See Cty. of Lehigh*, 2020 WL 7319544, at *4. *See also Triangle Doughnuts, LLC*, 2020 WL 3425150, at *6 (transgender plaintiff's employment discrimination lawsuit against private employer was "not purely legal in nature," and thus factor was "neutral"). While Doe contends that their identity "is of minimal importance to the public's understanding…of these claims," ECF No. 71, p. 7, and the Defendants do not argue this factor, the Court concludes that Doe's claims turn on fact-intensive inquiries. Their Eighth Amendment deliberate indifference claims will likely require a thorough examination of Doe's extensive medical record. Although their disability discrimination claims present significant legal issues, they are also likely to require the development of a significant factual record. This factor does not support Doe's motion. *See Cty. of Lehigh*, 2020 WL 7319544, at *4.

The Court must also weigh "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being

12

publicly identified." *Megless*, 654 F.3d at 410.  For this factor, the court asks, "will the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity?" *Id.*  Put simply, is Doe likely to withdraw their case if not allowed to proceed pseudonymously?  *See Genesis Healthcare*, 535 F. Supp. at 340 (motion supported when plaintiff's brief stated she would drop her lawsuit); *Triangle Doughnuts, LLC*, 2020 WL 3425150, at *6 (same).

The DOC Defendants argue that this factor does not favor the motion because "Plaintiff has not given any indication that they will discontinue this matter if they are not permitted to proceed anonymously."  ECF No. 72, p. 9.  Indeed, Doe's brief has only said that they "*may* be deterred from pursuing their case in court if the price they must pay is being publicly identified." ECF No. 71, p. 7 (emphasis added).  *See Cty. of Lehigh*, 2020 WL 7319544, at *6 (weighing factor as neutral when motion stated "Plaintiff *might* drop the lawsuit to avoid disclosure" but was not definitive) (emphasis added).  Doe's reply brief does not address this point.  Because the record is unclear whether Doe is likely to drop this case if not allowed anonymity, this factor is neutral or weighs slightly against Doe's motion.

The Court must also consider "whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 411.  Here, there is no evidence of any such motive behind their motion, and the Defendants have proffered none.  Thus, this factor supports Doe's motion.

The Court next considers the factors that can advise against anonymity.  "[T]he universal level of public interest in access to the identities of litigants" obviously disfavors anonymity.  *See Megless*, 654 F.3d at 411.  The Court also asks "whether, because of the subject matter of this

13

litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained." *Megless*, 654 F.3d at 411.  Doe is not a public figure, and the Court can discern no other reason to believe the public would have an interest in their identity.  *See Univ. of Scranton*, 2020 WL 1244368, at *3 (M.D. Pa. Mar. 16, 2020) ("We find no evidence of a widespread, much less universal, public interest in the identity of the plaintiff," a gay man suing a university). While some of the individual defendants may be considered government officials whose identities are likely to be a matter of legitimate public interest, their identities are not the issue presented by Doe's motion.  The Court finds that this factor supports anonymity.  *See Genesis HealthCare*, 535 F. Supp. at 341.

The level of public interest in the subject matter of the litigation presents a closer issue. The conditions of confinement in state correctional institutions, the extent and adequacy of healthcare provided there and the policies governing such matters, and the expenditure of tax dollars on medical care are matters likely to be of significant interest to the public.  And while it is Doe's identity that is the focus of their motion, the public interest in disclosure is nevertheless "heightened because Defendants are public officials and government bodies." *Megless*, 654 F.3d at 411; ECF No. 72, p. 9 (DOC Defendants' Brief).  *See also Cty. of Lehigh*, 2020 WL 7319544, at *6 (heightened public interest in lawsuit against municipality).  Indeed, Doe asserts that the DOC policies at issue "affect dozens, if not hundreds of incarcerated individuals throughout the Commonwealth."  ECF No. 71, p. 6.  Thus, under *Megless*, this factor disfavors anonymity.[3]  No

---

[3] In contrast, some courts outside of the Third Circuit have weighed the need for plaintiffs' anonymity differently where the lawsuit challenges the actions or policies of governmental entities or officials.  *See e.g., R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371-72 (S.D.N.Y. 2019):

> "[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *EW v. N.Y. Blood Ctr.*,

party has requested that the Court seal this case, however, which means the public will still be able to follow the proceedings if Doe's motion is granted.[4]  *See Pa. Dep't of Corr.*, 2019 WL 5683437, at *3 (citing Lior Jacob Strahilevitz, *Pseudonymous Litigation*, 77 U. CHI. L. REV. 1239, 1246–47 (2010) (explaining why pseudonymous litigation does not meaningfully harm the public's ability to monitor the courts when the case involves obscure litigants)).

### III.    CONCLUSION

Having considered the relevant factors for and against allowing Doe to continue to proceed under a pseudonym, the Court finds that these factors weigh in favor of granting Doe's motion.  Doe has demonstrated a legitimate and reasonable fear of severe harm, including inmate harassment and potential assault, and invasions of their privacy that serve no penological interest, if their identity were to be disclosed.  Allowing Doe to maintain the requested measure of anonymity will not materially impair the public's right or ability to monitor the proceedings in this case.  On balance, Doe's interests in maintaining anonymity outweigh the interests favoring disclosure such that an exception to the public's common law right of access to the identity of litigants applies in this case.  An appropriate protective order will follow.

Dated this 14th day of February, 2022.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[  ] 213 F.R.D. 108, 111 (E.D.N.Y. 2003).  In cases brought against government entities, "personal anonymity is more readily granted." *Id.* at 112.  This is because "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [the plaintiff's] rights." *Id.* at 111.  Moreover, the personal characteristics of the individual litigants (such as credibility) are generally not at issue. *Id.*

[4] The Court finds that the remaining factors relevant to the current inquiry are neutral or inapplicable.