IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| SAM DOE, | ) |
| | ) |
| Plaintiff | ) 1:20-cv-00023-SPB-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN WETZEL, DR. PAUL NOEL, DR. JOHN DOE, DR. LAWRENCE ALPERT, DR. ALEXANDER, DR. KROSS, DR. OBENG, LONNIE OLIVER, DEBRA RICH, MS. WAGNER, MS. BLAKELY, SHANNON ANDERSON, and PALUKI REDDY, | ) |
| | ) |
| Defendants | ) |

ORDER

AND NOW, this 23rd day of February, 2022, it is hereby ORDERED that Plaintiff's Motion to Proceed Under a Pseudonym at ECF No. 70 is GRANTED for the reasons stated in the accompanying Opinion. *See* ECF No. 80. The Court having found that there is good cause to enter this Protective Order under Fed. R. Civ. P. 26(c), it is further ORDERED that:

(1) Plaintiff is allowed to proceed in pseudonym and the docket shall continue to reflect Plaintiff's name as Sam Doe.

(2) Plaintiff will be referred to as Sam Doe in all depositions, pleadings and other documents filed in this litigation, and Plaintiff shall be allowed to endorse documents related to this litigation using the pseudonym, Sam Doe. If Plaintiff's real name or identifying information cannot reasonably be redacted from a document to be filed on

the docket, then that document may be filed under seal. The Court will review, *in camera*, documents filed under seal for a determination as to whether they should, consistent with the terms of this Order, remain under seal.

(3) Consistent with this Order, the parties may exchange discovery materials that include Plaintiff's actual name and identifying information.

(4) The identity of Sam Doe and their address shall be available to the attorneys of record and in-house counsel for the defendants, who shall not disclose or permit disclosure thereof, except to the following persons:

(a) Their law partners, associates, and persons employed in the law offices of such attorneys, and other in-house counsel;

(b) The employees of defendant who have knowledge of the facts alleged in the Amended Complaint;

(c) Bona fide outside experts and their employees, not on the staff of any party, consulted by such attorneys in the prosecution or defense of the claims herein;

(d) A person whose deposition is to be taken in this action, but only to the extent necessary for the deposition; and

(e) Any person who potentially possesses information that is relevant to Plaintiff's claims or defendant's defense.

(5) Each person to whom the identity of Sam Doe is to be disclosed pursuant to this Order, shall agree in advance:

(a) That he or she will not disclose the identity of Sam Doe to any person not entitled to know their identity under this Order; and

(b) That he or she will not use the identity of Sam Doe except in connection with the prosecution or defense of the claims herein.

(6) In the event any defendant believes it is necessary in the defense of the claims herein to disclose the identity of Sam Doe to persons other than those specified in this Order, defendant shall communicate with Plaintiff's counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

(7) Attendance at any part of any deposition of which the identity of Sam Doe is disclosed shall be limited to those to whom disclosure of such information can be made pursuant to this Order, and only after they have complied with the terms of this Order.

(8) In all proceedings held before this Court, including trial, all counsel, witnesses and court personnel present shall refer to Plaintiff by their pseudonym, Sam Doe.

(9) The terms of this Order shall remain in effect until further Order of this Court.

IT IS SO ORDERED.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE