IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| SAM DOE, | ) |
| | ) |
| Plaintiff | ) Case Number 1:20-CV-00023 (Erie) |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN WETZEL, SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DR. PAUL NOEL, CHIEF OF CLINICAL SERVICES; DR. LAWRENCE ALPERT, FORMER MEDICAL DIRECTOR SCI CAMBRIDGE SPRINGS; DR. ALEXANDER, FORMER MEDICAL DIRECTOR SCI CAMBRIDGE SPRINGS;; DR. OBENG, MEDICAL DIRECTOR SCI CAMBRIDGE SPRINGS; SHANNON ANDERSON, CORRECTIONS HEALTHCARE ADMINISTRATOR; AND PALUKI REDDY, | ) MEMORANDUM OPINION ON DEFENDANTS' MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR SANCTIONS<br><br>IN RE: ECF NOS. 93, 98 |
| Defendants | ) |

Plaintiff Sam Doe is presently incarcerated at the State Correctional Institution at Cambridge Springs.¹ Their lawsuit brings constitutional claims pursuant to 42 U.S.C. § 1983, statutory claims under the Americans with Disabilities Act, and other claims under state law. *See* ECF No. 33. Pending before the Court are two motions related to ongoing discovery in this

---

¹ Doe is a gender-nonbinary person and is proceeding under a pseudonym for privacy and safety reasons. The Amended Complaint refers to Doe using the pronouns "they," "them," and "their." The Court will do the same. Doe also uses the honorific "Mx." throughout their Amended Complaint. Mx. is "[a] gender-neutral title of courtesy prefixed to a person's surname, sometimes with first name(s) interposed." Mx, n. OXFORD ENGLISH DICTIONARY (2021).

1

case: (1) Defendants' motion to compel discovery and for sanctions against plaintiff[2] (ECF No. 93), and (2) Plaintiff's motion for sanctions against Defendant Alpert (ECF No. 98). As explained below, Defendants' motion to compel will be GRANTED and Plaintiff's motion for sanctions will be GRANTED in part and DENIED in part.

I.     Background

On April 14, 2022, the Parties filed a joint motion for permission to take the Plaintiff's deposition.[3] *See* ECF No. 83. The Court granted the motion on April 18, 2022, and the parties conducted the deposition via Zoom video link on July 13, 2022. *See* ECF No. 94, p. 2. The following exchange took place during the Plaintiff's deposition:

| Defense Counsel: | Now, the first incident, you indicated that an inmate climbed on top of you. And this occurred when you were in the RTU. Would that be after the April 2018 incident? |
|---|---|
| Plaintiff: | Yes. |
| Q: | And who was that inmate? |
| A: | You have to understand, I'm in jail and it's very challenging to give people's names in jail because of concerns about retaliation or being labeled a snitch. I did inform my unit manager of the incident. I informed an officer of the incident. This was 2018, so now we're four years ago, and this girl still gives me threatening looks when I walk by her on the sidewalk. So, although I'm able to provide sufficient information to keep me safe, I do not feel comfortable filing PREAs because that involves what would be labeled as snitching and then would elicit retaliation from these people because some of whom have threatened my life. |

---

[2] This motion was originally filed on behalf of Defendants Anderson, Noel, the Pennsylvania Department of Corrections ("DOC"), Reddy, and Wetzel (collectively, "DOC Defendants"). Defendants Alpert and Obeng later joined in the motion. *See* ECF Nos. 97, 99.

[3] Federal Rule of Civil Procedure 20(a)(2)(B) requires that leave of court be obtained prior to deposing an individual who is incarcerated. *See, e.g., McClenton v. Ryan*, 2021 WL 103642 at *6 n.3 (M.D. Pa. Jan. 12, 2021).

2

| | |
|---|---|
| Q: | Ok. Did you tell your unit manager the name of this person that you say climbed on top of you? |
| A: | Yes. |
| Q: | Okay. |
| A: | Because it was my celly. So it was only me and her in that room at that time. |
| Q: | Okay. And who was this inmate: |
| Plaintiff's Counsel: | Objection. Can we go off the record? Okay, for the record, during the time that we were off the record, [Defense Counsel] and I had a conversation regarding the fact that my client feels unsafe providing this information and that this information would likely expose their identity in violation of the protective order. I am going to instruct my client not to answer questions regarding the names of individuals that they feel unsafe providing. And should [Defense Counsel] wish to raise this issue with the judge, we can do so. |

ECF No. 94-12-13.

Defense counsel continued to question the Plaintiff concerning the identities of other inmates who had threatened them, but the Plaintiff refused to provide that inform on the grounds that they did not feel safe in doing so. *Id.* pp. 13-14. Defendants' instant motion to compel seeks an order requiring Plaintiff to answer these questions and imposing sanctions upon Plaintiff for their improper refusal to answer questions concerning matters that are clearly relevant and for which no privilege or other basis to refuse to answer existed. *See* generally ECF No. 93.

The Plaintiff has also filed a motion for sanctions against Defendant Lawrence Alpert. *See* ECF No. 98. According to the Plaintiff, Alpert has failed to respond to their interrogatories and requests for production of documents, which were propounded on July 13, 2021. *Id.*

3

Plaintiff's motion also attests that Alpert failed to appear for a deposition in violation of this Court's prior order of June 16, 2022. *See* ECF No. 92. Counsel for Alpert has filed a Response to Doe's motion for sanctions. *See* ECF No. 100; ECF No. 102.

The Court will address each motion in turn, starting with the motion to compel.

II.     The Motion to Compel Deposition Responses from Plaintiff – ECF No. 93

Defendants bring their motion under Fed. R. Civ. P. 27(a)(3)(B)(i) which provides that "a party seeking discovery may move for an order compelling an answer ... if ... a deponent fails to answer a question asked under Rule 30 or 31." The Court may impose sanctions under Fed. R. Civ. 37(a)(5)(A) for a violation of this discovery obligation. The Plaintiff has filed a response in opposition. *See* ECF No. 101.

   A.     Legal Background

Rule 30 of the Federal Rules of Civil Procedure governs what may be the most important discovery tool: depositions. As defined by one court, depositions are "question-and-answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit." *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531 (E.D. Pa. 1993). Rule 30 regulates who may be deposed, how long a deposition may last, and other matters related to depositions. *See* Fed. R. Civ. P. 30.

When being deposed, a deponent must generally answer all questions posed by the attorney conducting the deposition. Fed. R. Civ. P. 30(c)(2) (explaining that parties may object to a question "but the examination still proceeds" and the question must still be answered); *see also Smith, Kline & French Lab'ys v. Lannett Co.*, 2 F.R.D. 561, 562 (E.D. Pa. 1942) ("a party may not refuse, upon deposition, to reveal matters specifically within the scope of the

4

examination permitted by the rules"); *M & W Elec. Mfg. Co. v. Gatto Elec. Supply Co.*, 38 F.R.D. 393, 396 (M.D. Pa. 1965).

Counsel for the deponent may object to questions, but "it must be done within the rules." *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, 2014 WL 3055358, at *8 (M.D. Pa. July 3, 2014). Objections during a deposition must be made "concisely in a nonargumentative and nonsuggestive manner." Fed . R. Civ. P. 30(c)(2). After the objection is made, the deponent must still answer the question. *Hopkins v. NewDay Fin., LLC,* 2008 WL 4657822, at *3 (E.D. Pa. Oct. 17, 2008). Counsel should avoid excessive objections because they "disrupt the orderly question and answer flow of a deposition and are obstructive to its purpose." *Animal Legal Def. Fund v. Lucas*, 2020 WL 7027609, at *3 (W.D. Pa. Nov. 30, 2020). Indeed, "[o]bjections to relevance or materiality need not be made at deposition, as they are preserved for trial." *Cmty. Ass'n Underwriters of Am., Inc.*, 2014 WL 3055358, at *8 (M.D. Pa. July 3, 2014). When counsel feels that he must object, the objection "must be succinct and verbally economical, stating the basis of the objection and nothing more." *Id*. at *8 (M.D. Pa. July 3, 2014) (quoting *Birdine v. City of Coatesville*, 225 F.R.D. 157, 158 (E.D. Pa. 2004)).

Counsel may instruct the deponent not to answer a question in only three circumstances: (1) "when necessary to preserve a privilege"; (2) "to enforce a limitation ordered by the court"; and (3) "to present a motion under Rule 30(d)(3)[5]." Fed. R. Civ. P. 30(c)(2). "[T]he fact that a question is repetitive or irrelevant is not an appropriate ground for instructing a witness not to answer a question." *Hearst/ABC-Viacom Ent. Servs. v. Goodway Mktg., Inc.*, 145 F.R.D. 59, 63 (E.D. Pa. 1992). Counsel should remain silent throughout the deposition unless he or she is making a concise objection or instructing the deponent not to answer for one of the three reasons given above. For example, "lawyers are strictly prohibited from making any comments, either

5

on or off the record, which might suggest or limit a witness's answer." *Hall*, 150 F.R.D. 525, 531 (E.D. Pa. 1993). Nor may lawyers present argument or make speaking objections during a deposition. *See Cmty. Ass'n Underwriters of Am., Inc.*, 2014 WL 3055358, at *8 (M.D. Pa. July 3, 2014) (explaining that "speaking objections" are improper because, among other reasons, they "suggest to the deponent how to answer a pending question").

    B.    Discussion

The Defendants argue that counsel for the Plaintiff lacked any proper basis for her objection or her instruction to the Plaintiff not to answer counsel's questions. *See* ECF No. 94, p. 4. The Defendants maintain that the more appropriate course of action was for Plaintiff's counsel to object, but then instruct her client to answer the questions. *Id.* For her part, Plaintiff's counsel contends that the information sought by defense counsel from the Plaintiff during their deposition could have been provided under the constraints imposed by the Court's protective order (ECF No. 82) and that the Defendants own actions in filing the instant motion have unnecessarily delayed these proceedings. *See* ECF No. 101, p. 1.

The Court agrees with the Defendants and will grant their motion to compel. Plaintiff's personal safety concerns and fear of potential reprisals are legitimate. But these concerns and fears did not negate the Defendants' right to discover information from the Plaintiff necessary to defend against Plaintiff's allegations and claims, and the means to address these concerns and fears certainly was not to refuse to disclose information plainly relevant to the allegations of Plaintiff's Amended Complaint. Therefore, Plaintiff is ordered to appear for the resumption of their deposition and to respond fully to the questions to which their counsel directed them not to answer as well as to follow-up or related questions unless the information requested is protected by a specific privilege, which counsel for the Plaintiff will identify on the record. All court

reporter costs associated with the resumption of Plaintiff's deposition shall be borne by the Plaintiff. It would be within the Court's discretion to award further sanctions against Plaintiff, including that Plaintiff reimburse Defendants their costs incurred in filing and pursuing the motion to compel. But, having considered all relevant circumstances and what appears to be the isolated nature of Plaintiff's infraction, the Court declines to award further sanctions at this time.

III.    The Plaintiff's Motion for Sanctions Against Defendant Alpert – ECF No. 98

Doe has filed a motion requesting sanctions against Alpert for his failure to respond to their written discovery responses and his related failure to make himself available for a deposition. *See* ECF No. 98. Specifically, Doe seeks a default judgment against Alpert pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).[4] Alpert's counsel has filed a Response in Opposition (ECF No. 102) in which they do not deny Alpert's failure to respond to interrogatories and requests for production of documents or his failure to appear for deposition. They attempt to explain, but not justify, these failures based on indications that Alpert may be moving from place to place or working as a *locum tenens* physician. They detail numerous attempts to contact Alpert utilizing a variety of means, including a private investigator. Alpert's counsel argues that a default judgment against Alpert is inappropriate here because, although Alpert is a party and clearly possesses of knowledge and information relevant to the case, his absence and failure to respond to discovery has not materially prejudiced Doe. Counsel also argues that other appropriate sanctions short of default are available. *See* ECF No. 102, p. 5. Alpert's counsel points out that

---

[4] Rule 37 authorizes the Court to impose sanctions other than the imposition of expenses for a party's failure to respond to discovery requests. Fed. R. Civ. P. 37(d)(3). The Court may issue an order: (1) directing that the matters embraced in the order or other designated facts be taken as established for the purpose of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A).

7

most information relevant to the claim against Alpert and the claims against other Defendants is included in the medical and associated records of Alpert and others involved in medical decisions and treatment concerning Doe. Counsel also points out that Alpert's involvement in Doe's care came relatively early in the timeline of relevant events and lasted only about seven months. Doe's counsel properly counters that medical and associated records alone may not be sufficient to fully develop Doe's claims and Alpert's apparent itinerant lifestyle should not limit access to additional information from Alpert. The Court also notes that it previously ordered Alpert to respond to written discovery and appear for deposition. See ECF No. 92. Thus, Alpert is not simply in violation of his discovery obligations under the Federal Rules of Civil Procedure, he is noncompliant with an Order of this Court.

Rule 37 authorizes the Court to levy sanctions when a party fails to comply with discovery deadlines. *See* Fed. R. Civ. P. 37(b)(3)(B)(iv); *Yoder v. Frontier Nursing Univ., Inc.*, 2018 WL 1524395, at *1 (W.D. Pa. Mar. 28, 2018); *Cullen v. Dabin Trucking Inc.*, 2016 WL 739 1042, at *3 (M.D. Pa. Dec. 21, 2016). Under Rule 37(d), "[t]he court where the action is pending may ... order sanctions if ... a party, after being properly served with interrogatories under Rule 33 ... fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A). *See also N. Am. Commc'ns, Inc. v. Herman*, 2019 WL 2270522, at *3 (W.D. Pa. May 28, 2019). Where the proposed sanctions include dismissal with prejudice, entry of default judgment, or the preclusion of claims or defenses, the exercise of that discretion is governed by six factors originally enumerated by the Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Cos. Co.*, 747 F.2d 863 (3d Cir. 1984). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

> whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal[, default judgment, or preclusion of claims or defenses], which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. Upon consideration of these factors, the Court will grant in part and deny in part Doe's motion.

As to the first factor, the extent of the party's responsibility, the Court concludes that the failure to respond to discovery and/or appear for deposition is Alpert's fault alone. Nothing before the Court evinces otherwise. While Alpert's counsel asserts that his noncompliance may be the result of his moving from place to place and not receiving their communications, the Court is unpersuaded. At best, Alpert has totally abandoned his obligation to maintain communication with his counsel. Apparently, he has not advised counsel of a telephone number or current address where he can be reached. And, apparently, he has not seen fit to contact his counsel to inquire regarding the status of a lawsuit where he is a named Defendant. At worst, Alpert is aware of his discovery obligations and his counsel's attempts to contact him to secure his compliance, and he is affirmatively evading both. This factor weighs in favor of a severe sanction against Alpert.

The second factor—prejudice to the opposing party—also weighs in favor of sanction. Although his refusal to respond to written discovery and to appear for deposition may not materially impair Doe's ability to develop their claims, Alpert's noncompliance has certainly caused some prejudice to Doe. Doe would be expected to inquire regarding the thought processes that led to treatment decisions, the positions and comments of others involved in their care; Doe presumably would wish to inquire about specific medical record entries made by

Alpert or concerning the care he provided to Doe. Alpert's absence from the discovery process may also limit Doe's ability to prepare a trial strategy. *See, e.g., Cullen*, 2016 WL 7390142, at *2. To mitigate this prejudice, the Court will allow Doe to depose Alpert any time prior to trial despite the expiration of the deadline for fact discovery and authorizes Doe to renew their motion for default if Alpert has not complied with his discovery obligations as of the scheduling of trial.

Furthermore, Alpert's actions have caused Doe and their counsel to expend additional costs, of both funds and time. Forcing a party to expend otherwise unnecessary resources unnecessarily is prejudicial for purposes of the second *Poulis* factor. *Id.* At bottom, this factor weighs in favor of sanction. As does the third factors. Alpert's evasive tactics, to date, establishes that Alpert has a history of dilatoriness. However, based on the current record, the Court cannot conclude that Alpert has acted with any willfulness or in bad faith. Given Counsel's representations that they have diligently attempted to locate and communicate with Alpert, and the fact that Alpert is no longer employed by DOC, the Court cannot presently make a finding of willfulness or bad faith. Thus, this factor weights against sanctioning Alpert at this time. However, the longer Alpert remains non-compliant, the more compelling such a finding becomes. With the extensive electronic search and communication options presently available, the inability to locate Alpert and secure his participation in this litigation will soon strain credulity and thus leave the Court only to conclude that Alpert's lack of communication and participation in the litigation is anything other than willful.

The fifth factor asks whether a sanction other than default judgment would be effective. The Court concludes that an alternative sanction may be effective here: Defendant Alpert will be precluded from presenting any evidence or testimony at trial not previously disclosed during discovery. *See, e.g., Cullen*, 2016 WL 7391042, at *3. Additionally, nothing in this order

precludes Doe from moving for default judgment against Alpert if he has not cured his non-compliance as of the scheduling of this case for trial. *Id.* Thus, this factor weighs against the entry of default judgment.

Finally, the sixth factor concerns the meritoriousness of Doe' claim. The case presents claims and defenses of a complex and sometimes novel nature. In evaluating the potential merit of these claims and defenses, the Court presently lacks the benefit of a developed record such as the Court may expect to receive in connection with dispositive motions. Thus, the Court is unable to evaluate the potential merit of Doe's claims or Alpert's defenses. Therefore, this factor also weighs against the entry of a default judgment.

After considering the *Poulis* factors based on the present record, the Court will grant Doe's motion in part, and preclude Defendant Alpert from presenting any evidence or testimony at the time of trial that has not previously been disclosed in discovery. The Court declines to enter a default judgment against Alpert at this time. However, if Alpert has failed to cure his non-compliance as of the date this case is scheduled for trial, Doe may renew their motion.

A separate order follows.

DATED this 25th day of August, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE