IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| SAM DOE,<br><br>       Plaintiff,<br><br>   vs.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN WETZEL, SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DR. PAUL NOEL, CHIEF OF CLINICAL SERVICES; DR. LAWRENCE ALPERT, FORMER MEDICAL DIRECTOR SCI CAMBRIDGE SPRINGS; DR. ALEXANDER, FORMER MEDICAL DIRECTOR SCI CAMBRIDGE SPRINGS;; DR. OBENG, MEDICAL DIRECTOR SCI CAMBRIDGE SPRINGS; SHANNON ANDERSON, CORRECTIONS HEALTHCARE ADMINISTRATOR; AND PALUKI REDDY,<br><br>       Defendants, | 1:20-CV-00023-SPB<br><br>RICHARD A. LANZILLO<br>CHIEF UNITED STATES<br>MAGISTRATE JUDGE<br><br>ORDER ON DOC DEFENDANTS' MOTION TO AMEND ANSWER<br><br>IN RE: ECF NO. 132 |

      The Department of Corrections Defendants have moved for leave to amend their Answer to the Amended Complaint. ECF No. 132. They seek leave to add the affirmative defense of the Plaintiff's failure to exhaust their administrative remedies, as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The DOC Defendant state that the failure to include this affirmative defense in their original answer was an "inadvertent oversight," and that upon discovery of the omission, "the present motion was promptly filed." ECF No. 132, ¶ 6.

1

Upon consideration, the motion is GRANTED.  The Court notes that it "should freely give leave [to amend pleadings] when justice so requires."  Federal Rule of Civil Procedure 15(a)(2).  An amendment under Rule 15(a) should be permitted "absent undue or substantial prejudice … unless denial [can] be grounded in bad faith or dilatory motive, truly unexplained delay, repeated failure to cure deficiency by amendment previously allowed, or futility of amendment."  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Pinegar v. Nicholson*, 2008 WL 11363781, at *1 (M.D. Pa. May 1, 2008).

Here, the Plaintiff would not be prejudiced by the amendment.  The DOC Defendants state that, during the discovery process, they have provided the Plaintiff with documents they intend to rely upon in asserting the affirmative defense.  ECF No. 132, ¶ 7.  Furthermore, the exhaustion defense "merely presents a legal issue arising from the plaintiff's actions in seeking relief, which were known to the plaintiff at the time she filed her complaint."  *Pinegar*, 208 WL 11363781, at *1 (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (observing that to establish prejudice, a party opposing a motion to amend "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendment[] been timely.")).

Moreover, nothing suggests that the DOC Defendants have acted in bad faith or that their delay in seeking leave to amend is "truly undue or unexplained."  *Long*, 393 F.3d at 400 (citing *Arthur v. Maersk*, 434 F.3d 196, 204-05 (3d Cir. 2006) (holding that an eleven-month delay is not presumptively unreasonable)).  Finally, the proposed amendment is not futile because it may provide a defense to some or all claims presented in this action.  *See Pinegar*, 2008 WL 11363781, at *1.

Accordingly, it is hereby ORDERED that the DOC Defendants' motion to amend their answer is GRANTED. DOC Defendants' shall file an amended answer with ten days of the date of this order.

DATED this 4th day of August, 2023.

BY THE COURT:

_/s/ Richard A. Lanzillo_
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE