IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE DALY,<br>       Plaintiff | ) ) ) ) | C.A. No. 20-23 Erie |
| v. | ) ) ) | District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard Lanzillo |
| PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>       Defendants. | ) ) ) ) | |

## MEMORANDUM ORDER

### I.    BACKGROUND

Plaintiff Shane Daly, a gender-nonbinary inmate formerly incarcerated at the State

Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs")[1],

initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff

subsequently filed an amended complaint on June 20, 2020 [ECF No. 33], which is the operative

pleading in this case. Named as Defendants are the Pennsylvania Department of Corrections

("DOC") and eight current or former DOC employees: John Wetzel, former Secretary of the

DOC ("Wetzel"); Dr. Paul Noel, the DOC's Chief of Clinical Services ("Noel"); Dr. Paluki

Reddy, the DOC's Chief Psychiatrist ("Reddy"); Lonnie Oliver, Superintendent at SCI-

Cambridge Springs ("Oliver"); Wagner, former Deputy Superintendent at SCI-Cambridge

Springs ("Wagner"); Debra Rich, the former Deputy Superintendent for Facility Management at

SCI-Cambridge Springs ("Rich"); Blakely, a "unit psych counselor" at SCI-Cambridge Springs

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Muncy, Pennsylvania; however, the events and conduct at issue in this litigation occurred between 2016 and 2023 while Plaintiff was incarcerated at SCI-Cambridge Springs.

("Blakely"); and Shannon Anderson, the Corrections Healthcare Administrator at SCI-Cambridge Springs ("Anderson") (hereinafter collectively referred to as "DOC Defendants"), along with four independent medical practitioners who acted as medical directors at SCI-Cambridge Springs: Dr. Lawrence Alpert, a former medical director at SCI-Cambridge Springs ("Alpert"); Dr. Alexander, a former medical director at SCI-Cambridge Springs ("Alexander"); Dr. Kross, a former medical director at SCI-Cambridge Springs ("Kross"); and Dr. Obeng, medical director at SCI-Cambridge Springs ("Obeng").

The amended complaint asserted claims under the Americans with Disabilities Act and the federal Rehabilitations Act ("Rehab Act") against the DOC; an Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants Wetzel, Noel, Reddy, Alpert, Alexander, Kross, and Obeng; a state law tort claim of intentional infliction of emotional distress ("IIED claim") against Defendants Rich, Wagner, Oliver, Blakely, and Anderson; and a Fourteenth Amendment Due Process claim against Defendants Blakely and Anderson.

This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates, and was subsequently reassigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

Motions to dismiss were previously filed by the DOC Defendants [ECF No. 37] and Drs. Alexander and Kross [ECF No. 40]. Following Report and Recommendation, this Court issued a Memorandum Order on March 24, 2021, dismissing Plaintiff claims against Defendants Kross, Oliver, Rich, Wagner, and Blakely, and Plaintiff's IIED claim against all Defendants. [ECF No. 51]. Defendants Kross, Oliver, Rich, Wagner, and Blakely were subsequently terminated from

this case.

Following a lengthy period of discovery, all remaining Defendants filed motions for summary judgment. [ECF No. 143 (remaining DOC Defendants); ECF No. 147 (Defendant Alexander); and ECF No. 151 (Defendants Alpert and Obeng)]. The motions were fully briefed by the parties.

On August 7, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that all of Defendants' summary judgment motions be granted in their entirety, and that judgment be entered in favor of all Defendants and against Plaintiff as a matter of law. [ECF No. 181]. Timely objections to the R&R have been filed by Plaintiff, but only as to the R&R's recommendation to grant summary judgment in favor of Defendants Noel and Reddy. [ECF No. 185].[2] In particular, Plaintiff raises three primary objections: (1) the Chief Magistrate Judge "erred by relying on Defendants' mischaracterization of the relief [Plaintiff] seeks, and by finding his claims moot despite ample evidence in the record of ongoing need for additional medical care"; (2) the Chief Magistrate Judge "erred by weighing evidence and making credibility determinations in favor of Defendants Noel and Reddy"; and (3) the Chief Magistrate Judge erred in finding that qualified immunity should be granted to Defendants Noel and Reddy as an alternative basis for judgment. Each of these objections will be considered in turn.

## II.  DISCUSSION

### A.  Findings Regarding Injunctive Relief Sought by Plaintiff

In his amended complaint, Plaintiff requests the following forms of injunctive relief:

---

[2] As a result, the Court will adopt the R&R's recommendation to enter judgment in favor of all other remaining Defendants without further discussion.

access to an outside transgender specialist; permanent hair removal; gender affirming surgery; training of all prison staff who provide medical or mental health treatment on the Standards of Care for transgender individuals; and confidentiality regarding all conversations relating to Plaintiff's hormone therapy, accommodations, and healthcare. (ECF No. 33, at pp. 24-25, ¶¶ B-E).[3] In his R&R, Judge Lanzillo thoroughly addressed each of these requests and ultimately found that Plaintiff's claims for injunctive relief have been rendered moot and are unsupported by the record. (ECF No. 181, at pp. 19-28).   Nonetheless, Plaintiff has objected to this finding, arguing that the R&R "wrongly narrows [Plaintiff's] requests for necessary comprehensive care and treatment to the surgery he has already received" (ECF No. 185, at p. 10). In particular, Plaintiff contends that, "though he has received top surgery, he continues to experience gender dysphoria and requires ongoing treatment, including hair removal, consultation for procedures allowing him to stand to urinate, and access to a specialist in his condition." (Id.). Thus, Plaintiff argues that his need for injunctive relief to receive treatment for his gender dysphoria is ongoing and not moot.

Notably, each of the arguments raised in Plaintiff's objections were previously raised in his brief in opposition to Defendants' motions for summary judgment and were thoroughly considered and appropriately addressed in the R&R. There is no need to rehash the R&R's treatment of these arguments here, as the Court finds no error in the Chief Magistrate Judge's analysis and findings regarding Plaintiff's injunctive relief claims.[4]

---

[3] Plaintiff's additional requests for injunctive relief regarding access to male commissary items and certain gym/exercise equipment (ECF No. 33, at p. 25, ¶F), were made in relation to Plaintiff's ADA/RA claims, which Plaintiff has since abandoned.

[4] Plaintiff's additional argument based upon the application of "voluntary cessation" is misplaced. In particular,

### B.      Weighing of Evidence

Plaintiff objects that the Chief Magistrate Judge "erred by weighing evidence in favor of

Defendants and by disregarding disputed issues of material fact." (ECF No. 185, at p. 15). In

particular, Plaintiff contends that "the Magistrate Judge inexplicably cites the DOC Statement of

Material Facts in sections that have been vigorously denied and disputed with evidence of

record" (Id. at p. 16); however, Plaintiff fails to note where these purported citations appear in

the R&R and, when the Court has been able to locate the noted citations, they fail to substantiate

Plaintiff's argument.[5]

For instance, Plaintiff makes the blanket assertion that "the DOC Defendants and the

R&R repeatedly rely on the fact that transgender healthcare experts were allegedly consulted in

the formation of the [Section 19] policy to deny [Plaintiff's] Eighth Amendment claim;" yet,

there is no such reliance expressed anywhere in the R&R's five pages of discussion addressing

Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Noel and Reddy

---

Plaintiff argues that the Chief Magistrate Judge's finding of mootness is based upon the fact that Defendants took
the "unilateral action" to perform Plaintiff's requested "top" surgery after this litigation began and, thus, voluntarily
ceased their alleged denial of treatment for Plaintiff's gender dysphoria and rendered the same moot. This is an
oversimplification of the R&R's findings. In determining that Plaintiff's request for injunctive relief requiring
medical treatment is moot, the Chief Magistrate Judge cited not only the fact that Plaintiff has received "top"
surgery, but also upon his additional findings that Plaintiff "has never requested bottom surgery," has not requested
hair removal since receiving top surgery in October 2022, has not made his intentions clear regarding hair removal,
has been provided various options for addressing the increased hair growth he has experienced as a side effect of his
testosterone treatment, and has not established an immediate medical need for electrolysis. (ECF No. 181, at pp. 23-
25). In addition, Judge Lanzillo noted that Plaintiff has been under the care of Dr. Renberg, who is specially trained
and certified in the treatment of gender dysphoria, and that the record confirms that Defendants have never denied
Plaintiff any treatment or procedure recommended by Dr. Renberg. (Id. at pp. 21-22). Thus, Plaintiff's "voluntary
cessation" argument is unavailing.

[5]
Indeed, the Chief Magistrate Judge twice noted that, at several points in Plaintiff's response to the DOC's Concise
Statement of Material Facts, Plaintiff responded to an asserted fact with the phrase, "Denied as stated," without
specifying any part of the assertion he disputed. (ECF No. 181, at p. 10 n. 7, and p. 30 n. 15). Thus, such assertions
of fact were appropriately deemed admitted. Most notable among these is the undisputed fact that Defendants Noel
and Reddy never denied Plaintiff "any form of treatment that was recommended by Dr. Renberg or any other
provider directly involved in his care," including gender affirming surgery. (ECF No. 144, DOC Defendants'
CSMF, at ¶ 175). This fact was specifically cited by the Chief Magistrate Judge in support of his finding that
Plaintiff has failed to show Defendants' deliberate indifference.

(ECF No. 181, at pp. 29-33). Plaintiff also implies that the R&R gives credence to Defendants'

claim that "Dr. Levine is a specialist in transgender healthcare when her specialty in fact is in

psychiatry and pediatrics;" however, this is simply not the case. In fact, the Chief Magistrate

Judge specifically notes that "Dr. Levine is an openly transgender physician in pediatrics and

psychiatry and has spent much of her career addressing health disparities in LGBTQ youth."

(ECF No. 181, at p. 6 n. 4). Moreover, Dr. Levine's purported expertise in transgender healthcare

played no part in the R&R's discussion of Plaintiff's deliberate indifference claim against

Defendants Noel and Reddy.

Overall, Plaintiff's objection in this regard is simply a red herring. The purported errors

cited by Plaintiff are a failed attempt to distract from the Chief Magistrate Judge's primary bases

for determining that Plaintiff has failed to show Defendants' deliberate indifference; specifically,

that "[t]he record reflects that [Plaintiff] received extensive medical care for his gender

dysphoria;" "there is no evidence in the record that any Defendant materially deviated from any

prescribed treatment for [Plaintiff];" and Plaintiff's "claim against Drs. Noel and Reddy is

essentially a challenge to their decision to manage his gender dysphoria care internally for a

period following his initial diagnosis rather than immediately refer him to a specialist in

transgender care." (Id. at pp. 30-33). All of these findings are appropriately supported by the

record evidence and ultimately lead to Judge Lanzillo's conclusion that "[t]his is not deliberate

indifference but instead a disagreement over the adequacy of the extensive care [Plaintiff]

received." The Court finds no error in the Chief Magistrate Judge's analysis or reasoning in this

regard.

The remaining objection addresses the Chief Magistrate Judge's finding that Defendants

Noel and Reddy are also entitled to qualified immunity as alternative grounds for judgment in

their favor on Plaintiff's deliberate indifference claim; however, the Court need not address this objection since the Court has already upheld the primary grounds for granting judgment in favor of Defendants Noel and Reddy on this claim.

Thus, after *de novo* review of and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 25th day of September, 2024;

IT IS HEREBY ORDERED that Defendants' motions for summary judgment [ECF Nos. 143, 147, 151] are GRANTED, and judgment will be entered in favor of all Defendants and against Plaintiff on all claims in this case. The report and recommendation of Chief Magistrate Judge Lanzillo, issued August 7, 2024 [ECF No. 181], is adopted as the opinion of the court.

The Clerk is directed to mark this case CLOSED.

_____
SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge