IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE DALY,<br>　　　　Plaintiff<br><br>　　　v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>　　　　Defendants. | C.A. No. 20-23 Erie<br><br>District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard Lanzillo |

## MEMORANDUM ORDER

### I.   INTRODUCTION

On September 25, 2024, this Court issued a Memorandum Order adopting the Report and Recommendation ("R&R") of Chief Magistrate Judge Richard A. Lanzillo [ECF No. 181] and granting Defendants' motions for summary judgment [ECF No. 187]. The Court followed with a Judgment Order granting judgment in favor of Defendants and against Plaintiff on all claims in this case. [ECF No. 188].

Thereafter, on November 14, 2024, Defendants submitted a bill of costs in the total amount of $ 6,502.95, consisting of fees for various deposition transcripts [ECF No. 189]. Plaintiff filed objections to the bill of costs [ECF No. 193], to which Defendants filed a reply [ECF No. 194]. On January 21, 2025, the Clerk taxed costs against Plaintiff and in favor of Defendants in the reduced amount of $ 3,919.15 [ECF No. 195]. In doing so, the Clerk disallowed the fees requested for transcripts of deposition witnesses that were not cited in either the R&R or this Court's Memorandum Order, totaling $2,009.80. In addition, the Clerk disallowed various other costs that were deemed to be unnecessary, totaling $574.00, consisting

1

of: the cost of a "video copy" of Plaintiff's deposition testimony in the amount of $459.00; postage and handling costs totaling $100.00; and "word index" charges totaling $15.00.

Presently pending before the Court is Plaintiff's motion for Court review of Clerk's taxation of costs [ECF No. 196], in which Plaintiff asks the Court to either vacate or significantly reduce the Clerk's taxation of costs based on his claim of indigency. Defendant has filed a brief in opposition to Plaintiff's motion [ECF No. 198], and Plaintiff has filed a reply [ECF No. 199]. This matter is now ripe for consideration.

## II.   DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Rule creates a "strong presumption that costs are to be awarded to the prevailing party" and, accordingly, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances."

Congress authorizes district courts and their clerks to tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

We review *de novo* the Clerk's determination of costs. In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 461 (3d Cir. 2000). "To overcome the presumption in favor of the prevailing party and to deny that party costs," however, we "must support that determination with an

explanation." Id. at 462 (quotations and citations omitted). We may consider the prevailing party's "unclean hands, bad faith, dilatory tactics, or failures to comply with process" as well as "the losing part[y's] potential indigency or inability to pay the full measure of a costs award levied against them." Id. at 468. We may not consider factors such as the losing party's good faith in pursuing the instant litigation, the complexity of issues in the underlying litigation, or the relative disparities in wealth between the parties. Id. As the party bearing the burden of proof, the losing party must adduce evidence costs should be reduced or denied to the prevailing party. Id. at 468.

Here, as evidence in support of his motion, Plaintiff has submitted his own affidavit [ECF No. 197-1], declaring that: he no longer has any money, property, or other assets from before his incarceration in 2014 (Id. at ¶¶ 3-4); he has a current balance in his prison account of $2,900.00, consisting of money he saved over eleven years from gifts received from his father, who died last year (Id. at ¶¶ 6-8); he has also received infrequent deposits from his sister, but does not expect to receive any further deposits into his prison account from family members (Id. at ¶¶ 9-10); he is employed in prison as a wheelchair pusher, for which he receives approximately $40 per month (Id. at ¶¶ 11-12); his monthly toiletries and miscellaneous expenses total approximately $70 - $100 (Id. at ¶ 14); and he has yearly expenses for shoes (2-3 pair at $70-$100 a pair) and basic clothing items. (Id. at ¶¶ 15-17).[1]

Notably, however, Plaintiff has not submitted any further documentary evidence to support his claims. Nonetheless, Defendants have filled this gap in the record by previously

---

[1] Plaintiff has also submitted the affidavit of Su Ming Yeh, Executive Director of the Pennsylvania Institutional Law Project ("PILP") [ECF No. 197-2], who declares that Plaintiff has been deemed indigent by PILP and has been financially qualified for PILP's services since 2017. (Id. at ¶ 7); however, the Court agrees with Defendants' assessment that "PILP's representation guidelines have no bearing on this Court's discretion to evaluate Plaintiff's ability to pay the assessed costs…." (ECF No. 198, at p. 6).

attaching copies of Plaintiff's prison account statements from January 2022 through December 19, 2024, in response to Plaintiff's original objections to bill of costs [ECF No. 194-1], and then supplementing those submissions by attaching to its brief in opposition to Plaintiff's pending motion a copy of Plaintiff's prison account statement through January 27, 2025, the last date preceding the filing of Plaintiff's motion [ECF Nos. 198-1]. These statements reveal that during the past year, since receiving the last gift from his father, Plaintiff has received monetary gifts from other individuals totaling $3,585.00, while, during the same period, spent a total of $5,860.94 on discretionary commissary purchases and $525.08 on various outside purchases, such as art supplies. Moreover, at the time of filing his pending motion, Plaintiff had a prison account balance of $3,176.29 (ECF No. 198-1, at p. 1).

The foregoing evidence gleaned from Plaintiff's prison account statements belies his claim of indigency. As noted earlier, it is Plaintiff's obligation to rebut the heavy presumption that costs will be awarded to the prevailing party in a litigation. In re Paoli, 221 F.3d at 462-63. This he has failed to do. Nonetheless, the Court finds that it would be inequitable to assess costs in excess of Plaintiff's ability to pay in one lump sum, based on the current balance of his prison account and continuing need to pay ongoing living expenses in the future. As a result, the Court, in the exercise of its discretion under Fed. R. Civ. P. 54, will reduce the Clerk's taxation of costs from $ 3,919.15 to a total of $ 2,000.00, to be paid, in full, from Plaintiff's prison account in one lump sum.

AND NOW, this 28th day of May, 2025;

IT IS HEREBY ORDERED that Plaintiff's motion for Court review of Clerk's taxation of costs [ECF No. 196] is GRANTED insofar as the Clerk's taxation of costs shall be reduced from $ 3,919.15 to a total of $ 2,000.00, which shall be paid, in full, from Plaintiff's prison

account in one lump sum, and Plaintiff's motion is DENIED in all other respects.

                                                     _/s/ Susan Paradise Baxter_
                                                     SUSAN PARADISE BAXTER
                                                     United States District Judge

cc:    The Honorable Richard A. Lanzillo
         Chief U.S. Magistrate Judge